[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, by complaint dated April 15, 1991, brought this action for a dissolution of her marriage to the defendant who filed his answer and cross-complaint, dated April 27, 1991. The plaintiff responded to the cross-complaint on June 26, 1991.
After a full trial on the issues, the court, based upon a preponderance of the credible, relevant, material and admissible evidence, finds the facts, concludes and CT Page 2918 rules as follows.
The plaintiff, Ruth Ipbach, and the defendant, Michael F. Ipbach, married on February 26, 1949, in Stamford, Connecticut. The plaintiff for a period in excess of the past year has resided continuously in the State of Connecticut. There are no minor children issue of this marriage. The State of Connecticut has not contributed to the supports maintenance of any party hereto. The marriage has broken down irretrievably.
The parties marriage, from its inception, until just prior to the defendant's retirement from the Southern New England Telephone Company (SNET) in July, 1982, was compatible and relatively free from difficulties. Two months prior to his retirement, the defendant was involved in an automobile accident wherein he suffered injuries. From that date to the present the relationship between the parties deteriorated finally resulting in the commencement of this action.
The parties drifted apart until they reached the point that their marriage broke down with the resultant lack of communication and a lack of interdependency on each other. The defendant began to absent himself from the marital residence for long hours at a time. The defendant often went to Florida unaccompanied by the plaintiff. The court ascribes equal culpability to the parties as to the cause of the break down.
During the marriage, because of very careful budgeting by the plaintiff, who handled all of the parties' financial affairs, the parties accumulated a sizeable amount of savings, some shares of stock and their present home. The defendant has been receiving a pension from SNET which, at this time amounts to $1,028.50 a month. He also receives social security payments at the rate of approximately $560.00 per month. The plaintiff receives approximately $310.00 per month from social security. Both parties receive additional income from interest on savings and dividends from stock holdings. The plaintiff acknowledges her ownership of seven bank accounts totalling savings in the amount of $122,675.01, while the defendant holds accounts in his name reflecting a savings of $102,687.00. The value of the marital home which is mortgage free, is $167,500.00.
After careful consideration of the equities involved and guided by the mandates of Conn. General Statutes46b-81 (c) and 46b-82 the court makes the following property distributions and financial awards. CT Page 2919
The defendant shall quit claim all his right, title and interest in the marital home at 102 Iron Works Road, Clinton, Connecticut to the plaintiff free of all claims from him. All the furniture and other personal property located in the residence, except for the defendant's clothing and other like personal property shall become the sole property of the plaintiff.
The defendant shall set over to the plaintiff all the shares of stock in SNET, held either jointly or singly, to the plaintiff, which shall be hers free of all claims of the defendant.
All the bank accounts listed on the plaintiff's financial affidavit which presently total $122,675.01 shall become the property of the plaintiff and the bank accounts listed on the financial affidavit of the defendant shall become his property. Each shall be free of any claims of the other.
The defendant's pension in the amount of $1,028.50, or as it may change from time to time shall be his free of any claim by the plaintiff, except that the plaintiff shall remain as beneficiary and will be entitled to receive the present survivorship benefit of $514.27 a month or as it may change from time to time, upon the death of the defendant.
The defendant shall pay to the plaintiff the sum of $75.00 per week as permanent periodic alimony, terminating upon her remarriage or the death of either party.
The defendant shall be the sole owner of the 1984 Dodge Van and the plaintiff shall be the sole owner of the 1987 Toyota Corolla.
The defendant is to maintain medical insurance for the plaintiff for eleven months at his cost and expense.
The defendant is to maintain the plaintiff as his beneficiary on his present life insurance policy. The defendant shall pay or reimburse the plaintiff for one-half the household expenses up to and including all those paid or accumulated up to and including Tuesday, the 31st of March, 1992.
The parties are to sign all documents necessary to effectuate and finalize the transfers and awards mandated by this judgment. CT Page 2920
Having found that the parties marriage has broken down irretrievably, judgment may enter for the plaintiff on her complaint and for the plaintiff on the defendant's counter-claim.
Accordingly, the marriage of the parties is dissolved as of March 19, 1992, with the distribution of real and personal property and all financial awards effective as of March 31, 1992.
Each party shall be liable for their own counsel fees and costs.
SPALLONE STATE TRIAL REFEREE